UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHMEL CLARK,

                    Plaintiff,

          -against-

LT. JORDANT, et al.,

                    Defendants.

1:22-CV-4937 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Clinton Correctional Facility, brings this

action *pro se*. Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in

fees that are required to file a civil action in this court or submit a completed and signed request

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

To proceed with a civil action in this court, a prisoner must either pay $402.00 in fees – a

$350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed

without prepayment of fees, submit a completed and signed IFP application and a prisoner

authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the

Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments

deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to

proceed in this court without prepayment of fees must therefore authorize the court to withdraw

these payments from his prison trust fund account by filing a "prisoner authorization," which

directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the

---

[1] The $52.00 administrative fee for filing a federal civil action does not apply to persons
granted IFP status under 28 U.S.C. § 1915.

prisoner's prison trust fund account in installments and to send to the court certified copies of the

prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

Plaintiff submitted the complaint with a prisoner authorization but without a completed

and signed IFP application. Within 30 days of the date of this order, Plaintiff must either pay the

$402.00 in fees or complete, sign, and submit the attached IFP application. If Plaintiff submits

the IFP application, it should be labeled with docket number 1:22-CV-4937 (LTS).[2]

No answer shall be required at this time. If Plaintiff complies with this order, this action

shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to

comply with this order within the time allowed, this action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 13, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the relevant fees at the time of filing any new federal civil action.